**Mrs. Anne MARTIN, divorced wife of Luke BLACKBURN, Jr., Appellant,**

v.

**TOYE BROS. AIRPORT SERVICE, INC., Appellee.**

No. 17909.

United States Court of Appeals Fifth Circuit.

Jan. 13, 1960.

Rehearing Denied March 10, 1960.

458

Cyril Broussard, New Orleans, La., for appellant.

Ralph L. Kaskell, Jr., William A. Glennon, Jr., Deutsch, Kerrigan & Stiles, New Orleans, La., for defendant-appellee Toye Bros. Airport Service, Inc.

Before RIVES, Chief Judge, and HUTCHESON and CAMERON, Circuit Judges.

PER CURIAM.

The suit was for damages for personal injuries sustained by plaintiff while a passenger in defendant's limousine. The claim was that, as a result of the defendant's negligence in running the limousine into the rear of a vehicle which had stopped for a red light, plaintiff was thrown to the floor and received serious and painful injuries, to her damage in the sum of $184,550.

The defense was that the accident was caused by the negligent stopping of the vehicle in front of defendant's limousine and defendant was not negligent. In addition, the defendant specifically alleged that the accident was quite minor and the serious injuries and condition of which plaintiff complained were not caused thereby.

On the trial of the case, the issues, of whether the accident was serious or trivial, and whether the condition of which plaintiff complains and the serious injuries she claims to have received resulted in any manner from the accident, were paramounted on both sides, and the verdict awarding plaintiff $2,750 apparently turned on the question whether and to what extent the injuries plaintiff claimed to have been suffering from and to have been treated for were attributable to the accident. No objections were made or exceptions reserved to any of the testimony.

At the conclusion of the evidence, the district judge gave a fair and full charge, to which plaintiff made no objection, and plaintiff's appeal is predicated entirely on her claim that, under the evidence in the case, including the stipulation that medical expenses incurred by her since the accident were $2,076.93, the verdict of $2,750 was so shockingly inadequate as to make it an abuse of discretion, indeed reversible error for the trial court not to set it aside.

Here, pointing to the mass of medical testimony as to her sufferings and condition, appellant insists that the verdict must have been the result of passion and prejudice and a complete ignoring of the evidence in the case.

Appellee, however, points out that the stipulation, as to medical expenses incurred by her since the accident, was a mere summation of the amounts of medical expense she claimed to have expended *since*, and was in no sense an agreement that they had been expended *because* of, the accident. So pointing to the evidence as a whole, appellee insists that the question of whether appellant suffered any appreciable injury and the nature and extent of it were questions of fact for the jury, and these questions have been settled adversely to plaintiff by the jury verdict.

Impressed as we are with the earnestness and sincerity of appellant's claim, that the verdict represents a shocking failure on the part of the jury to discharge its function, we are unable to agree with her: that the evidence was all one way; that there was no basis in it for a jury finding that the accident did not result in a serious injury to plaintiff; and, that therefore, the verdict must be set aside as the result of passion and prejudice and a complete ignoring of the evidence. On the contrary, we think that the jury could have found, and did find, that plaintiff did not prove that the injuries she claimed to be suffering from were caused by the accident in suit. In short, we are of the view: that the case and the issues in it were for the jury; that no showing having been made that error attended the trial, the action of the district judge in refusing at plaintiff's instance to set the verdict aside was not reversible error; and that the judgment must be affirmed.

Affirmed.